IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MEARLE ANTHONY WILSON,
Special Administrator of the Estate
of Richard Wilson, Deceased Estate
of Richard Wilson                                                                                    PLAINTIFF

v.                                      Case No. 1:25-cv-01017

STEPHANIE HOLMES,
individually and in her official
capacity as Facility Nurse of the
Ouachita County Detention Center
of Ouachita County, Arkansas (OCDC);
OUACHITA COUNTY, ARKANSAS;
DAVID NORWOOD, individually and
in his official capacity as Sheriff of Ouachita
County, Arkansas; CAMERON OWENS,
Individually and in his official capacity as
Captain and Jail Administrator of the (OCDC);
DARRELL ELKIN, individually and in his
capacity as medical care provider for the (OCDC);
TIMOTHY IRONS, individually and in his official
capacity as Supervisor of the (OCDC); JASSANIE
SUMLERS, individually and in her official capacity
as Detention Officer of (OCDC); and CLARENCE
CAPPS, individually and in his official capacity as
Detention Officer of (OCDC)                                                                          DEFENDANTS

## ORDER

Plaintiff filed this action on February 12, 2025, in Saline County Arkansas Circuit Court. On March 12, 2025, Defendant Stephanie Holmes removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 2).

Upon reviewing the case, the Court finds that this action should have been removed to the Eastern District of Arkansas, Central Division. "Where no special venue statute is applicable, the general venue statute, 28 U.S.C. § 1391, applies." *Catholic Order of Foresters v. U.S.*

*Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1154 (N.D. Iowa 2004). However, the general venue statute does not apply to cases that have been removed from state to federal court. Instead, venue of a removed case is governed solely by 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953). Section 1441(a) provides that the proper venue of a removed case is "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This case was originally brought in Saline County, which is embraced by the Eastern District of Arkansas, Central Division. Thus, this case was improperly removed to the Western District of Arkansas.

The Court must now determine what to do with the case at bar. A review of Eighth Circuit precedent shows that district courts are divided on whether transfer or remand is the proper remedy when a case is removed to the wrong venue. *See Friesen v. Harvest Int'l, Inc.*, No. 19-CV-4072-LRR-KEM, 2020 WL 377020, at *2 (N.D. Iowa Jan. 23, 2020). However, a majority of district courts in the Eighth Circuit have found that transfer to the proper venue is the correct approach. *See id.* (finding that pursuant to 28 U.S.C. § 1406(a), "[a] transfer would serve the interest of justice by avoiding remand to the state court just for the case to be removed again, saving time and expense, and by preserving [the defendant's] right to a federal forum if the time limit for removing has expired . . ."). Upon consideration, the Court will adopt the majority view of the other district courts in the Eighth Circuit and transfer this case to the proper venue in the interest of justice. *See* 28 U.S.C. § 1406(a). Accordingly, the Clerk of Court is directed to immediately transfer this case to the United States District Court for the Eastern District of Arkansas, Central Division.

**IT IS SO ORDERED**, this 4th day of June, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge